361 So.2d 416 (1978)
Michael SCHULTZ, Appellant,
v.
STATE of Florida, Appellee.
Raymond D. RAMSAY, Appellant,
v.
State of Florida, Appellee.
Nos. 52361, 52362.
Supreme Court of Florida.
July 27, 1978.
*417 A. Clifton Black, Orlando, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Justice.
This cause is before us on direct appeal to review the judgments of the County Court of Orange County upholding the constitutionality of Section 849.231, Florida Statutes (1975), which makes the manufacture, sale, purchase or possession of gambling devices unlawful. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Two issues are presented: first, whether Section 849.231 is unconstitutionally vague and indefinite or overbroad; and second, whether the trial court erred in not allowing the defendants to present evidence to show that certain equipment, alleged by the State to be unlawful gambling paraphernalia, was not "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments," and by instructing the jury that the items specifically named in Section 849.231 are illegal regardless of whether they are "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments."
The defendants were charged by information with possession of gambling paraphernalia *418 contrary to Section 849.231. Upon entering pleas of not guilty, they each filed motions to dismiss, alleging that Section 849.231 is unconstitutionally vague and overly broad. The trial court denied their motions, and the defendant Schultz was then tried and convicted. Thereafter, defendant Ramsay, reserving his right to appeal, withdrew his plea of not guilty and pled nolo contendere.
The defendants were associated with Vision Enterprises, Inc., a convention and amusement service company which specialized in theme entertainment for local hotels and corporate association conventions and meetings. At two of the theme shows, entitled "Monte Carlo Night" and "Great Gatsby Night," party-goers engaged in simulated gambling with play money.
On the evening of May 18, 1977, Vision put on a "Monte Carlo Night" for Union Carbide Corporation and its employees at the Hyatt House Hotel in Osceola County. Orange County Sheriff's officers followed a truck from Vision Enterprises' place of business in Orlando to the Hyatt House, where they watched the truck being loaded with the alleged gambling devices. The officers then followed the truck back into Orange County, where it was stopped and the equipment seized.
The relevant portion of Section 849.231 provides:
849.231 Gambling devices; manufacture, sale, purchase or possession unlawful. 
(1) ... [I]t shall be unlawful for any person to manufacture, sell, transport, offer for sale, purchase, own, or have in his possession any roulette wheel or table, faro layout, crap table or layout, chemin de fer table or layout, chuck-a-luck wheel, bird cage such as used for gambling, bolita balls, chips with house markings, or any other device, implement, apparatus, or paraphernalia ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments, excepting ordinary dice and playing cards.
The trial court construed this statute to mean that the items specifically identified in the statute were unlawful per se and instructed the jury that the phrase "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments" modifies only the terms "or any other device, implement, apparatus or paraphernalia." We do not agree with the trial court's construction, but rather, we find that this phrase also modifies the items expressly enumerated in the statute. With this construction, we hold that Section 849.231 is neither unconstitutionally vague or overbroad.
Indisputably, it is within the police power of the State to enact legislation to suppress gambling. Pasternack v. Bennett, 138 Fla. 663, 190 So. 56 (1939); Eccles v. Stone, 134 Fla. 113, 183 So. 628 (1938).
It is equally well established that, when reasonably possible, a statute should be construed in such a manner as to avoid conflict with the Constitution. Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla. 1976); State v. Dinsmore, 308 So.2d 32 (Fla. 1975). A statute is unconstitutionally vague when men of common understanding and intelligence must necessarily guess at its meaning. Zachary v. State, 269 So.2d 669 (Fla. 1972); Aztec Motel, Inc. v. Faircloth, 251 So.2d 849 (Fla. 1971). A statute is overbroad when legal, constitutionally protected activities are criminalized as well as illegal, unprotected activities, or when the Legislature sets a net large enough to catch all possible offenders and leaves it to the courts to step inside and determine who is being lawfully detained and who should be set free. Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); State v. Wershow, 343 So.2d 605 (Fla. 1977).
The construction given Section 849.231 by the trial court renders this section unconstitutionally overbroad. As so construed, the statute would proscribe possession of children's toys which resembled or could be identified by name as any of the items specified in the statute. Possession of stage props purporting to be a roulette wheel or a crap table but not designed for gambling *419 nor commonly or ordinarily used for gambling would be a punishable offense. Compare Foster v. State, 286 So.2d 549 (Fla. 1973), where we held that one cannot be convicted of possession of a burglary tool when that tool is nothing more than a simple screw driver, unless the screw driver is actually used in a burglary. In Foster, we said:
To rule otherwise, would be to hold that the state has the police power to criminalize possession of a simple household tool, i.e., a screwdriver. It does not. It would be an unconstitutional act  in excess of the State's police power  to criminalize the simple possession of a screwdriver, just as much as it would be to criminalize the possession of such items as ladies' hat pins, automobile tire iron kits, et cetera, without first requiring that they first be used as burglary tools. An examination of the burglary tools statute reveals the potential for any number of common household tools to be "illegal" unless the statute is construed, in an appropriate case, such as this, to require that for such a tool to be "illegal", it must be used as a burglary tool  thus becoming a facet of the burglary, breaking and entering transaction, etc.
Since, when reasonably possible and consistent with legislative intent, we must give preference to a construction which will give effect to the statute over another construction which would defeat it, we hold that the items expressly identified in Section 849.231 as "any roulette wheel or table, faro layout, crap table or layout, chemin de fer table or layout, chuck-a-luck wheel, bird cage such as used for gambling, bolita balls, chips with house markings" are modified by the phrase "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments."
Defendants contend that the equipment used at "Monte Carlo Night" and "Great Gatsby Night" was not ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments but, to the contrary, was specifically designed to be different from professional gambling equipment. They assert, and we agree, that whether the equipment was ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments is relevant to the determination of whether the items in question were gambling devices under Section 849.231. We conclude that the trial court erred in not allowing the defendants to present evidence as to whether the equipment was ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments, and we also conclude that the trial court erred in instructing the jury that it need not consider whether the equipment was ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments.
Accordingly, we hold that Section 849.231, Florida Statutes (1975), as construed, is neither unconstitutionally vague and indefinite nor overbroad, reverse the judgments of the trial court and remand for new trial consistent with our construction of Section 849.231.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
Article X, Section 7[*] of the 1968 revision of the Florida Constitution prohibits lotteries, except for those permitted by law at the effective date of the 1968 Constitution.
Since the Legislature may not constitutionally enact a statute which would permit lottery gambling, and since the equipment under consideration here was obviously used for that purpose, I am unable to understand how the construction placed upon the statute by the majority could rest upon sound constitutional grounds.
*420 The majority opinion indicates that an exception is somehow ingrained into the statute to permit the use of gambling equipment for charitable or social events if the equipment differs from that normally used in professional gambling houses. The statute proscribes the manufacture, sale, transport, offering for sale, purchase, ownership or possession of specified gambling equipment "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments." Whenever a congregation of people assemble and gamble for an evening with gambling equipment the house used for that purpose is a gambling house. Evidence in the record indicates that play money won by the participants was exchanged for prizes, gifts, or used at an auction.
If the people of Florida consider that such gambling should be permitted by law, the Constitution and statutes should be revised to conform to the public will.
NOTES
[*] Lotteries.  Lotteries, other than the types of pari-mutuel pools authorized by law as of the effective date of this constitution, are hereby prohibited in this state.