DANAHY, Judge.
The question presented to us is whether a slot machine constitutes gambling paraphernalia subject to forfeiture under the Florida Contraband Forfeiture Act, sections 932.701-932.704, Florida Statutes (1983) (the Act). We hold that it does, and reverse the order of the trial judge denying forfeiture.
The machine involved in this case is called a Video Hi-Lo Double Up Joker Poker machine. At the outset, we note that the appellees present no argument that the machine is not a slot machine as defined in section 849.16, Florida Statutes (1983). We take that to be a tacit admission that it is. The record, including the testimony of the appellees’ own witness, supports that conclusion. Section 849.15 makes it unlawful to own a slot machine.
The trial judge denied forfeiture solely on the basis of the decision of the Florida Supreme Court in Schultz v. State, 361 So.2d 416 (Fla.1978), and the appellees rely solely on that case in this appeal. In our view, the decision in the Schultz case is inapposite and its rationale simply does not apply to the issue here. Schultz dealt with the interpretation of an entirely different statute, section 849.231, and reflected the view of the supreme court that certain items listed in section 849.231 could be innocent in nature; therefore, they could not be constitutionally regarded as gambling paraphernalia unless modified by the statutory language “ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments.”
A slot machine, as defined by section 849.16, does not have the quality of possible innocence. The legislature has declared that the ownership of a slot machine is illegal and we hold that such a machine is gambling paraphernalia subject to forfeiture under the Act.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
RYDER, C.J., and SCHEB, J., concur.