Honorable Harold F. Bryant, Sr. Mayor City of Palm Bay 2145 Palm Bay Road, N.E. Palm Bay, Florida 32905
Dear Mayor Bryant:
This is in response to your request for an opinion of this office, which I have construed as asking the following question:
 IS A REFERENDUM OF THE REGISTERED VOTERS OF THE CITY OF PALM BAY REQUIRED IF THE AMOUNT OF AD VALOREM TAX REVENUES FOR THE CITY'S PROPOSED BUDGET FOR OPERATING FUNDS EXCEEDS BY TEN PERCENT THE AD VALOREM TAX REVENUES FOR OPERATING FUNDS OF THE PRECEDING YEAR EXCLUSIVE OF REVENUES TO BE RAISED FROM NEW CONSTRUCTION AND IMPROVEMENTS NOT APPEARING ON THE PREVIOUS YEAR'S ASSESSMENT ROLL?
As stated in your inquiry, your precise questions request this office's opinion as to the validity or constitutionality of particular special acts applicable to "[a]ll governmental units of Brevard County levying ad valorem taxes on all or part of the tax roll of Brevard County" with an exception not pertinent to this opinion. See, s. 1, Ch. 74-430, Laws of Florida, as amended by s. 1, Ch. 85-381, Laws of Florida. You have suggested that the validity or constitutionality of such special acts is questionable in view of certain provisions of general law and in light of s. 1, Art. VII, State Const., which provides in pertinent part that no tax shall be levied "except in pursuance of law." (e.s.) This office is without authority to declare any duly enacted statute of the Legislature invalid or unconstitutional. See generally, Evans v. Hillsborough County, 186 So. 193 (Fla. 1938); White v. Crandon,156 So. 303 (Fla. 1934) (statutes are presumptively valid and must be given effect until judicially declared invalid or inoperative). Thus, I have restated your questions in a form to which this office can respond and trust that the following opinion will help clarify the issues you have raised. In addition, this office is not authorized to comment upon the powers and duties of a government agency except at the request of such agency. Accordingly, the comments expressed herein are expressly limited to responsibilities and duties of the City of Palm Bay.
As amended by Ch. 85-381, Laws of Florida, Ch. 74-430, Laws of Florida, provides that, if the amount of ad valorem tax revenues for the proposed budget for operating funds of a governmental unit in Brevard County levying ad valorem taxes on all or part of the county's tax roll exceeds by ten percent the ad valorem tax revenues for operating funds of the preceding year, exclusive of the revenues to be raised from new construction and improvements not appearing on the previous year's assessment roll, the governmental unit shall submit a question to a referendum of voters within that governmental unit asking whether the budget of such governmental unit shall be final as approved by the governing body. Chapter 74-430, supra, as amended, further provides that such budget shall stand as approved on affirmative referendum vote; however, a negative vote requires the governing body to reconvene its budget hearings to establish a new budget in which the ad valorem tax revenues for operating funds for the budget do not exceed 110 percent of the ad valorem tax revenues for operating funds of the preceding year, exclusive of the revenue to be raised from new construction and improvements not appearing on the previous year's assessment roll. Finally, as amended by Ch. 85-381, supra, s. 2(5) of Ch. 74-430 provides that "[n]o provision of general law with respect to public hearings or advertisements required during the formulation of the budget by the governmental unit shall be superseded by this act."
You have specifically directed my attention to s. 166.211(1), F.S., and to ss. 200.001 and 200.065, F.S. (1986 Supp.), and have suggested that Ch. 74-430, Laws of Florida, as amended, may be affected in its operation on the City of Palm Bay as a governmental unit in Brevard County levying ad valorem taxes on part of the county's tax roll by these provisions of general law. I do not discern any conflict or inconsistency between Ch. 74-430, supra, as amended, and the foregoing provisions of general law. Moreover, my examination of the relevant provisions of special law and general law cited herein relating to municipal taxing authorities indicates an express legislative intent to give effect to both general law and applicable special law where possible. See, Schultz v. State, 361 So.2d 416 (Fla. 1978); McKibben v. Mallory, 293 So.2d 48 (Fla. 1974) (interpretation of statute which gives it effect is preferred over construction which would defeat it).
Section 200.001, F.S. (1986 Supp.), provides definitions and general provisions relating to millage for purposes of Ch. 200, F.S., entitled "Determination of Millage." Section 200.001(7), F.S. (1986 Supp.), provides that "[m]illages shall be fixed only by ordinance or resolution of the governing body of the taxing authority in the manner specifically provided by general law or by special act" (e.s.) and thus clearly evinces a legislative intent that, where applicable, provisions of special law relating to the fixing of millages retain their force and effect. Section 200.065, F.S. (1986 Supp.), sets forth procedures for budget preparation and approval by taxing authorities which include specific requirements with respect to advertising and holding public hearings on proposed millage rates. However, in setting forth such procedures and requirements, the Legislature specifically recognizes in s. 200.065(2)(a)4., F.S. (1986 Supp.), that nonconflicting budget procedures prescribed by provisions of law other than s. 200.065 may be applicable to particular taxing authorities. Section 200.065(2), F.S. (1986 Supp.), provides in pertinent part that a taxing authority must follow the procedures prescribed therein in approving any resolution or ordinance levying millage, including in such procedure the provision in s.200.065(2)(a)4., F.S., that a municipal taxing authority
 shall prepare and consider tentative and final budgets in accordance with this section and applicable provisions of law, including budget procedures applicable to the taxing authority, provided such procedures do not conflict with general law. (e.s.)
Accordingly, the procedures for advertising and public hearings prescribed in s. 200.065, F.S. (1986 Supp.), are mandatory on affected taxing authorities, but any other nonconflicting provisions of law which operate to prescribe budget procedures for particular taxing authorities also remain applicable to such taxing authorities. Accord, AGO 83-91 (hospital authority required to prepare and adopt tentative and final budgets and compute, determine and certify millage rate in accordance with procedures set forth in s. 200.065, F.S., and those procedures established by special act applicable to such hospital authority).
Section 166.211(1), F.S., provides in pertinent part that a municipality is thereby authorized "in a manner not inconsistent with general law" to levy ad valorem taxes on real and tangible personal property within the municipality and subject to prescribed millage limitations. In the absence of any inconsistency between Ch. 74-430, Laws of Florida, as amended by Ch. 85-381, Laws of Florida, and pertinent provisions of general law, I am unable to conclude that s. 166.211(1) operates to limit the effect of such special laws with respect to the procedures prescribed therein for referendum approval of certain budgets prepared by affected governmental units in Brevard County.
Moreover, rather than finding any conflict or inconsistency between Ch. 74-430, Laws of Florida, as amended by Ch. 85-381, Laws of Florida, and provisions of general law, I find instead a legislative intent evident in Ch. 74-430, supra, as amended, that such special act be construed together with such provisions of general law. Section 2(5) of Ch. 74-430 specifically provides that the act does not operate to supersede requirements of general law with respect to advertisements and public hearings in the budget formulation process. Thus, it is my view that Ch. 74-430, as amended, operates to impose additional procedures on the City of Palm Bay as a governmental unit in Brevard County to which such special act applies when the city proposes a budget for operating funds in which the amount of ad valorem tax revenues needed to fund such budget exceeds by ten percent the ad valorem revenues for operating funds of the preceding year exclusive of revenues to be raised from new construction and improvements not appearing on the previous year's assessment roll. Such procedures are in addition to the provisions of Ch. 200, F.S., with respect to requirements for advertising a proposed budget and holding public hearings thereon.
Accordingly, I am of the opinion that the provisions of Ch. 74-430, as amended, should be accorded full force and effect by the City of Palm Bay in the absence of inconsistency with provisions of general law and unless and until judicially determined otherwise.
Finally, with respect to the constitutional issue posed in your inquiry, I would note only that it has been held that the word "law" as used in the taxation article of the 1885 Florida Constitution (now Art. VII, State Const.) means "a statute adopted by both Houses of the Legislature." Advisory Opinion to Governor,22 So.2d 398, 400 (Fla. 1945). See also, Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (4 D.C.A. Fla., 1982) (approving conclusion of AGO 79-109 that phrase "provided by law" as used in constitution means as provided by act of Legislature). A special act, like a general law, must of course be passed by both houses of the Legislature. See, ss. 7 and 8, Art. III, State Const. And see, Ison v. Zimmerman, 372 So.2d 431 (Fla. 1979), holding that the phrase "by law" as used in s. 14, Art. III, State Const., included "special or local laws."
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that the terms of Ch. 74-430, Laws of Florida, as amended by Ch. 85-381, Laws of Florida, are operative on the City of Palm Bay as an affected governmental unit in Brevard County in addition to and in the absence of any conflict or inconsistency with provisions of general law relating to the levy of millage and advertisements thereof and public hearings thereon. Accordingly, a referendum of the registered voters of the City of Palm Bay is required by the terms of Ch. 74-430, supra, as amended, if the amount of ad valorem tax revenues for the city's proposed budget for operating funds exceeds by ten percent the ad valorem tax revenues for operating funds of the preceding year exclusive of revenues to be raised from new construction and improvements not appearing on the previous year's assessment roll.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General