## STATE OF FLORIDA v LOVE
### Case No. 90-156 AC
Eleventh Judicial Circuit, Dade County
April 8, 1991

**APPEARANCES OF COUNSEL**

**Robert A. Butterworth,** Attorney General, for appellant.

**Kirk W. Munroe, Esquire,** for appellee.

Before ROBINSON, BLOOM, FIERRO, JJ.

### OPINION OF THE COURT

FIERRO, EUGENE J., J.

This is an appeal that arises from the granting of the Defendant's (Appellee) Motion to Dismiss the State's Information wherein the Defendant asserted that the Information which charged the Defendant with unlawful possession of a blackjack table in violation of Section 849.231, Florida Statutes, did not allege that the Defendant was using the device for gambling, nor that he intended to do so.

As such, the Defendant argued, the Information failed to state a cause of action because it omitted an essential element of the crime,

scienter (i.e., that gambling occurred or that there was any intent to do so).

On its face the statute does not state whether or not "scienter" is an essential element to be either alleged or proved. The appellant argues that whereas the statute denounces the doing of an act as criminal without specifically requiring criminal intent, it is not necessary for the State to prove that the commission of such act was accompanied by criminal intent.

The appellee argues that, under the statute, even the mere possession of a "souvenir" such as a "croupier's stick from Las Vegas" would be a violation of the statute. He cites *Schultz v State,* 361 So.2d 416 (Fla. 1978) in support of his contention that scienter is or should be required.

We note that the Supreme Court in *Schultz* finds the statute constitutional. The appellee's argument is somewhat compelling and while a blackjack table could be used or designed to be used for a legal purpose, as well as an illegal purpose, it is not for this Court to inquire into the legislature's intent in drafting the statute in question. The statute on its face clearly does not require scienter.

We concur that the Information filed against the Defendant was improperly dismissed by the trial court.

REVERSED AND REMANDED.

(Robinson and Bloom, JJ., concur)