The Honorable Harry Lee Coe III State Attorney Thirteenth Judicial Circuit 5th Floor County Courthouse Annex Tampa, Florida 33602
Dear Mr. Coe:
You have asked for my opinion on the following questions:
1. Whether a company may lawfully possess and/or manufacture slot machines and/or component parts for slot machines in the State of Florida if the slot machines are not used or displayed in contravention of sections 849.15-849.23, Florida Statutes (1993), and are ultimately shipped to states where possession of slot machines are legal.
2. Whether slot machines are within the exception under section849.231(1), Florida Statutes (1993), if such company is in compliance with the Gambling Devices Act, 15 U.S.C. § 1171.
In sum:
1. A company may not lawfully possess or manufacture slot machines or the component parts for such devices in the State of Florida.
2. The exemption contained in Section 849.231(1), Florida Statutes (1993), which authorizes a person who is in compliance with the Federal Gambling Devices Act to hold, sell, transport or manufacture certain gambling devices, does not apply to slot machines.
Your office has been requested to review whether slot machines or their component parts can lawfully be manufactured in the State of Florida and shipped to states in which the possession and use of slot machines is legal. This company also wishes to have two or three slot machines shipped to Florida in order to study their construction.
Question One
Pursuant to section 849.15, Florida Statutes (1993):
It is unlawful: (1) To manufacture, own, store, keep, possess, sell, rent, lease, let on shares, lend or give away, transport, or expose for sale or lease, or to offer to sell, rent, lease, let on shares, lend or give away, or permit the operation of, or for any person to permit to be placed, maintained, or used or kept in any room, space, or building owned, leased or occupied by him or under his management or control, any slot machine[1] or device or any part thereof; or (2) To make or to permit to be made with any person any agreement with reference to any slot machine or device, pursuant to which the user thereof, as a result of any element of chance or other outcome unpredictable to him, may become entitled to receive any money, credit, allowance, or thing of value or additional chance or right to use such machine or device, or to receive any check, slug, token or memorandum entitling the holder to receive any money, credit, allowance or thing of value.
Thus, not only is gambling using a slot machine illegal but the possession of these devices themselves, which are by definition designed for gambling, is unlawful.
When the proscribed instruments are actually named and described in a statute, Florida courts have sustained pertinent statutory provisions which prohibited their use or possession.[2] The Florida Supreme Court upheld a statute which prohibited possession of slot machines or similar devices operated by coin. The court stated:[3]
And we are of the opinion that it was the purpose of the legislature in enacting this statute, not only to suppress the use of these gambling devices, or the keeping of them for gambling purposes, but also to prohibit the ownership of the keeping of them, whether for gambling purposes or not; otherwise, why make it a criminal offense to own or keep them, without qualification as to the purpose of such ownership or keeping, and why provide for their seizure and destruction? . . .
We think it is clear that for the purpose of preventing the use of a device for gambling the Legislature may prohibit its possession or ownership, when it is designed for that purpose. The statute does not make its intended use for gambling a prerequisite.
Thus, section 849.15, Florida Statutes (1993), which specifically identifies slot machines, does not require that such devices be used for gambling in order to be illegal but makes their mere possession a violation of the statute.
The only case directly addressing the provisions of section849.15, Florida Statutes (1993), is Department of Business Regulation, Division of Alcoholic Beverages and Tobacco v. Rains, a 1985 Second District Court of Appeal case.[4] In the Rains case the court considered an earlier Florida Supreme Court case which had interpreted section 849.231, Florida Statutes. The court distinguished these two cases and stated that:
Schultz dealt with the interpretation of an entirely different statute, section 849.231, and reflected the view of the supreme court that certain items listed in section 849.231 could be innocent in nature; therefore, they could not be constitutionally regarded as gambling paraphernalia unless modified by the statutory language "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments."
A slot machine, as defined by section 849.16, does not have the quality of possible innocence.
Thus, the court determined that, in contrast to those devices described in section 849.231, Florida Statutes, slot machines (as defined in section 849.16, Florida Statutes) are unlawful regardless of whether they are actually used for gambling. Therefore, it is my opinion that a company may not lawfully possess slot machines.
You also ask whether it is legal for a company to manufacture slot machines or their component parts. Clearly, section 849.15, Florida Statutes (1993), by its terms makes the manufacture of slot machines unlawful.
The word "manufacture" is used in section 849.15(1), Florida Statutes, but is not defined for purposes of the statute. "Manufacture" is commonly understood[5] to mean "to work, as raw or partly wrought materials, into suitable forms for use;" "to make and produce something as a new construction out of existing materials;"[6] "to make into a product suitable for use;" "invent, fabricate;"[7] "to work up (material) into form for use[.]"[8]
The term "manufacture" appears to contemplate activities broader than the mere assembling of finished parts into a whole. Rather, the term in its common sense includes the fabrication of the component parts which will ultimately be used to construct a slot machine. Therefore, to the extent that the parts contemplated by your question are used in the fabrication of slot machines, the manufacture of these parts would also be unlawful. This conclusion is supported by the language of section 849.15, Florida Statutes, which states that it is unlawful for any person "[t]o manufacture . . . any slot machine or device or any part thereof[.]"
Therefore, it is my opinion that pursuant to section 849.15, Florida Statutes (1993), a company may not lawfully possess[9] or manufacture slot machines or the component parts for slot machines in the State of Florida.
Question Two
Section 849.231(1), Florida Statutes (1993), provides that:
Except in instances when the following described implements or apparatus are being held or transported by authorized persons for the purpose of destruction, as hereinafter provided, and except in instances when the following described instruments or apparatus are being held, sold, transported, or manufactured by persons who have registered with the United States Government pursuant to the provisions of Title 15 of the United States Code, ss. 1171 et seq., as amended, so long as the described implements or apparatus are not displayed to the general public, sold for use in Florida, or held or manufactured in contravention of the requirements of 15 U.S.C. ss. 1171 et seq., it shall be unlawful for any person to manufacture, sell, transport, offer for sale, purchase, own, or have in his possession any roulette wheel or table, faro layout, crap table or layout, chemin de fer table or layout, chuck-a-luck wheel, bird cage such as used for gambling, bolita balls, chips with house markings, or any other device, implement, apparatus, or paraphernalia ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments, excepting ordinary dice and playing cards.[10]
The list of gambling devices set forth in section 849.231, Florida Statutes (1993), does not include slot machines.
As the court in the Department of Business Regulation, Division of Alcoholic Beverages and Tobacco v. Rains case made clear, the provisions of sections 849.15 and 849.231 are not interrelated and in fact, reflect the dissimilar natures of the gambling devices listed therein.
In Schultz v. State,[11] the Florida Supreme Court interpreted section 849.231, Florida Statutes, and determined that certain items listed in section 849.231 could, under some circumstances, be innocent in nature. Therefore, a roulette wheel or table, faro layout, crap table or layout, chemin de fer table or layout, chuck-a-luck wheel, bird cage such as is used for gambling, bolita balls, or chips with house markings could not be constitutionally regarded as gambling paraphernalia unless evidence that they were "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments" was presented. Such is not the case with slot machines.
It is my opinion that slot machines do not come within the scope of section 849.231(1), Florida Statutes (1993), and that the exemption contained in the statute which authorizes a person who is in compliance with the Federal Gambling Devices Act to hold, sell, transport or manufacture certain gambling devices, does not apply to slot machines.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 849.16, Florida Statutes (1993), defines those machines or devices which come with the scope of the term "slot machine or device" within the provisions of Chapter 849, Florida Statutes (1993).
[2] See, Eccles v. Stone, 183 So. 628 (Fla. 1938); Pasternack v. Bennett, 190 So. 56 (Fla. 1939).
[3] The Court in the Pasternack case, id., was quoting from a decision of the Illinois Supreme Court. See, Pasternack,190 So. at 58.
[4] Department of Business Regulation, Division of Alcoholic Beverages and Tobacco v. Rains, 477 So.2d 1029 (Fla. 2d DCA 1985).
[5] See, e.g., Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984) (Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning); Citizens of State v. Public Service Commission, 425 So.2d 534
(Fla. 1982).
[6] 55 C.J.S. Manufactures pp. 670-671 (1948).
[7] Webster's New Collegiate Dictionary 701 (1975).
[8] The Random House Dictionary of the English Language 874 (unabridged edition 1967).
[9] The only exception to this complete prohibition is contained in section 849.235, Florida Statutes, which provides that it is a defense to any action or prosecution for violation of ss.849.15-849.233 that the device is an antique slot machine that is not being used for gambling. The statute states that "an antique slot machine is one which was manufactured at least 20 years prior to such action or prosecution."
[10] Section 849.231(3), Florida Statutes (1993), states that while it is unlawful to manufacture, own, or possess the enumerated gambling devices except when they are being held for destruction or by persons who have registered with the U.S. Government, the prohibitions contained in subsections (1) and (2) do not apply "to a vessel or foreign registry or a vessel operated under the authority of a country except the United States, while docked in this state or transiting in the territorial waters of this state."
[11] 361 So.2d 416 (Fla. 1978).