PARKER, Acting Chief Judge.
Geoffrey C. Weber appeals his judgment and sentence for misapplication of construction funds in violation of section 713.345, Florida Statutes (Supp.1990). We reverse because the state failed to prove that the construction funds involved were used for a wrongful purpose.
The state charged Weber with misapplication of construction funds. At a bench trial, the state presented evidence that Weber ran a construction company and had contracted to construct four residences. The state also provided evidence that prior to completion of the residences the owners of the residences had paid Weber for work performed on their residences and that Weber had not paid certain subcontractors and materialmen who *254 had furnished the work. The state further introduced evidence that Weber was forced to go out of business as a result of a negative cash flow problem prior to completion of construction of the residences and prior to paying certain subcontractors and material-men who had furnished work on the residences. The state offered no evidence as to how Weber expended the construction funds the owners paid him. The state took the position that the statute did not require proof of wrongful application and that it was sufficient to establish that the contractor received payment for improvements on the properties involved and that certain subcontractors remained unpaid.
At the close of the state’s case Weber moved for judgment of acquittal arguing, in part, that the state failed to establish that funds were used for a wrongful purpose. The trial judge denied Weber’s motion, concluding that the statute did not require proof of wrongful application.
Section 713.345, Florida Statutes (Supp. 1990), under which the state prosecuted Weber, provides:
Moneys received for real property improvements; penalty for misapplication.—
(l)(a) A person, firm, or corporation, or an agent, officer, or employee thereof, who receives any payment on account of improving real property must apply such portion of any payment to the payment of all amounts then due and owing for services and labor which were performed on, or materials which were furnished for, such improvement prior to receipt of the payment. This paragraph does not prevent any person from withholding any payment, or any part of a payment, in accordance with the terms of a contract for services, labor, or materials, or pursuant to a bona fide dispute regarding the amount due, if any, for such services, labor, or materials.
(b) Any person who knowingly and intentionally fails to comply with paragraph (a) is guilty of misapplication of construction funds, punishable as follows:
1.If the amount of payments misapplied have an aggregate value of $100,000 or more, the violator is guilty of a felony of the first degree,....
2. If the amount of payments misapplied have an aggregate value of $20,000 or more but less than $100,000, the violator is guilty of a felony of the second degree,....
3. If the amount of payments misapplied have an aggregate value of less than $20,000, the violator is guilty of a felony in the third degree,....
(2) The provisions of this section do not apply to mortgage bankers or their agents, servants, or employees for their acts in the usual course of the business of lending or disbursing mortgage funds.
On appeal Weber argues that the statute is unconstitutional because it violates the Florida Constitution’s prohibition against imprisonment for debt without proof of fraud and that the statute is unconstitutionally vague. Weber further argues that the state failed to establish that the funds were “due and owing.” Finally, Weber argues that misapplication of the funds is an element of the offense and that the state failed to show that Weber used the funds for a wrongful purpose.
When reasonably possible, a statute should be construed in such a manner as to preserve its constitutionality. Schultz v. State, 361 So.2d 416 (Fla.1978). We conclude that the statute is constitutional if the plain and ordinary definitions for “misapplication” and “misapplied” are utilized in applying the statute. Accordingly, we construe the statute as requiring the state to establish that the construction payments were misapplied, that is, used for a wrongful purpose. Because we reverse on this point, we need not address Weber’s argument that the state failed to prove that the funds were “due and owing.”
By utilizing the term “misapplication” in the title of the statute and by providing that the level of penalty to be imposed for violating the statute is controlled by the amount of funds the offender misapplied, it is clear to this court that the legislature intended to punish those offenders who misapplied these funds. Because the statute does not define the terms “misapplication” or “misapplied,” we shall apply the ordinary meaning *255 to those terms. Webster’s Third New International Dictionary 1442 (1986) defines these two terms as follows:
Misapply — 1: to apply wrongly; 2: to misuse or spend without proper authority.
Misapplication — 1: the action of misapplying; 2: a njisuse or embezzlement of usu. public money.
Black’s Law Dictionary 992 (6th ed. 1990) defines “misapplication” as “improper, illegal, wrongful, or corrupt use of application of funds, property, etc.”
It is clear from the ordinary meaning of these terms that the legislature sought to punish “wrongful” application of construction funds. Thus, the state must establish that the funds were used for a wrongful purpose. Otherwise, the state could successfully prosecute a contractor who underestimates the cost of a building, applies all payments to the improvements, yet fails to pay certain subcontractors because of a shortfall. We believe the legislature did not contemplate such a result.
Our construction of the statute is supported by Livingston v. State, 108 Fla. 193, 145 So. 761 (1933), where a defendant was convicted under a statute that provided:
Every president, cashier, director, teller, clerk or other officer or agent of any banking or trust company or corporation, doing a banking business in the State of Florida, who embezzles, abstracts, or wilfully misapplies any of the moneys, funds or credits of any banking or trust company or corporation ... shall be deemed guilty of a felony.
Livingston, 108 Fla. at 209, 145 So. at 767. In discussing willful misapplication, the supreme court stated:
The willful misapplication made an offense by this statute means a misapplication for the use, benefit, or gain of the party charged, or of some company or person other than the bank. Therefore, to constitute the offense of willful misapplication, there must be a conversion by the defendant to his own use or to the use of some one else, of the moneys and funds of the bank by the party charged.
Livingston, 108 Fla. at 211, 145 So. at 768 (citations omitted).
In light of our construction of the statute, we conclude that the statute is constitutional and that the state failed in its burden of proof when it offered no evidence that Weber wrongfully applied the funds. Because Weber raised this argument in his motion for judgment of acquittal at the close of the state’s case, on remand he is entitled to the entry of a judgment of acquittal.
Reversed and remanded for entry of a judgment of acquittal.
ALTENBERND and LAZZARA, JJ., concur.