Mr. Everett F. Jones Attorney for St. Johns County Sheriff Post Office Box 1211 St. Augustine, Florida 32085
Dear Mr. Jones:
You have asked for my opinion on substantially the following question:
Should the seizure and destruction of slot machines as defined in section 849.16, Florida Statutes, be governed by the procedures outlined in sections 849.38-849.45, Florida Statutes, or by the Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes?
In sum:
The seizure and destruction of slot machines as defined in section849.16, Florida Statutes, is best accomplished by the procedures described in Chapter 849, Florida Statutes.
Mr. Robin Strickler, St. Johns County Division Chief, has joined in this opinion request on behalf of the Office of the State Attorney for the Seventh Judicial Circuit of Florida.
Your letter does not detail the circumstances of a particular forfeiture. My comments will, therefore, address your question generally.
In Florida it is unlawful:
"To manufacture, own, store, keep, possess, sell, rent, lease, let on shares, lend or give away, transport, or expose for sale or lease . . . any slot machine or device or any part thereof[.]"[1]
Thus, slot machines are illegal per se in Florida, that is, the mere possession of these devices is illegal, and they are unlawful without regard to whether they are actually used for gambling.[2]
The statutes also contain a description of those machines or devices that come within the provisions of the law:
"(1) Any machine or device is a slot machine or device within the provisions of this chapter if it is one that is adapted for use in such a way that, as a result of the insertion of any piece of money, coin, or other object, such machine or device is caused to operate or may be operated and if the user, by reason of any element of chance or of any other outcome of such operation unpredictable by him or her, may:
(a) Receive or become entitled to receive any piece of money, credit, allowance, or thing of value, or any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance, or thing of value or which may be given in trade; or
(b) Secure additional chances or rights to use such machine, apparatus, or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver, or present some merchandise, indication of weight, entertainment, or other thing of value."[3]
Section 849.17, Florida Statutes, requires that when a person is arrested for violating sections 849.15-849.23, Florida Statutes, relating to slot machines, "the arresting officer shall take into his or her custody any such machine, apparatus or device, and its contents[.]" Pursuant to section 849.18, Florida Statutes:
"Upon conviction of the person arrested for the violation of any of the provisions of ss. 849.15-849.23, the judge of the court trying the case, after such notice to the person convicted, and any other person whom the judge may be of the opinion is entitled to such notice, and as the judge may deem reasonable, shall issue to the sheriff of the county a written order adjudging and declaring any such machine, apparatus or device forfeited, and directing such sheriff to destroy the same, with the exception of the money. The order of the court shall state the time and place and the manner in which such property shall be destroyed, and the sheriff shall destroy the same in the presence of the clerk of the circuit court of such county."
No property rights exist in these confiscated machines or in their contents, and both the machines and their contents are forfeited to the county in which the seizure was made for payment into the county fine and forfeiture fund.[4] The scheme established in sections 849.15-849.23, Florida Statutes, relates to the criminal prosecution of persons for violations of these statutes and the disposition of slot machines seized and retained for evidence in criminal prosecutions.
Sections 849.36-849.46, Florida Statutes, set forth a procedure for the seizure and forfeiture of vehicles and vessels used in connection with illegal gambling and any gambling paraphernalia found in those vehicles and vessels. These statutes are in the nature of an in rem procedure against this property rather than anin personam proceeding against the individual prosecuted for a violation as in sections 849.15-849.22, Florida Statutes.
Section 849.36, Florida Statutes, authorizes the seizure and forfeiture of vessels or vehicles used in connection with gambling under the Contraband Forfeiture Act but does not extend that option to gambling paraphernalia.[5] Rather, subsection (2) of section 849.36, Florida Statutes, requires that
"All gambling paraphernalia . . . used in connection with a lottery, gambling, unlawful game of chance or hazard, in violation of the statutes and laws of this state, found by an officer in searching a vessel or vehicle used in the violation of the gambling laws shall be safely kept so long as it is necessary for the purpose of being used as evidence in any case, and as soon as may be afterwards, shall be destroyed by order of the court before whom the case is brought or certified to any other court having jurisdiction, either state or federal."
"Gambling paraphernalia," for purposes of sections 849.36-849.46, Florida Statutes, includes
"every description of apparatus, implement, machine, device or contrivance used in, or in connection with, any violation of the lottery, gaming and gambling statutes, and laws of this state, except facilities and equipment furnished by a public utility in the regular course of business, and which remain the property of such utility while so furnished."[6]
This description is broad and would include slot machines.[7]
Thus, while these statutes authorize the forfeiture of seized vessels or vehicles under the Florida Contraband Forfeiture Act, gambling paraphernalia must be seized and destroyed.
Sections 849.37-849.46, Florida Statutes, provide a streamlined procedure for disposition of slot machines and other gambling equipment. Section 849.37, Florida Statutes, requires that a return must be prepared for all property seized under the provisions of sections 849.36-849.46, Florida Statutes, and the property must be delivered to the sheriff in the county where the property was seized or, if seized by the sheriff, to the clerk of circuit court.[8] The sheriff's return to the clerk of the circuit court is the state's petition or libel in rem for the forfeiture of the property.[9] Without regard to the value of the property, the circuit court of the county is given jurisdiction of the action by section 849.38(1), Florida Statutes.
Section 849.38, Florida Statutes, provides that
"The . . . return shall be sufficient as [a] petition or libel notwithstanding the fact that it may contain no formal prayer or demand for forfeiture, it being the intention of the Legislature that forfeiture may be decreed without a formal prayer or demand therefor."[10]
The statute also allows the return to be amended at any time before the final hearing, provided that copies of the return are served upon "all persons, firms or corporations who may have filed a claim prior to such amendment."[11] This section sets forth a form for the citation and provides that, if the appraised value of the property is $1,000 or less, the citation shall be served by posting it in three public places in the county.[12]
If no interested party makes a claim for the property, the clerk must enter a default and a final judgment shall be entered.[13]
Even in cases where a claim is filed, a nonjury trial may be conducted.[14] Upon entry of a judgment of forfeiture the court determines the disposition of the property, which may include entry of an order for its destruction.[15]
Thus, the procedure established in sections 849.36-849.46, Florida Statutes, relates to in rem actions conducted against vehicles, vessels, and any slot machines or other gambling devices seized from them.[16]
Section 849.36(1), Florida Statutes, specifically authorizes the seizure and forfeiture of vehicles and vessels using the procedures of the Contraband Forfeiture Act when that property may be appropriate for sale or use by the seizing law enforcement agency. A court has also determined that slot machines may be forfeited under that act. In Department of Business Regulation,Division of Alcoholic Beverages and Tobacco v. Rains,[17] a district court of appeal held that "such a machine is gambling paraphernalia subject to forfeiture under the [Contraband Forfeiture] Act."
As used in the Florida Contraband Forfeiture Act, the term "[c]ontraband article" means "[a]ny gambling paraphernalia, lottery tickets, money, currency, or other means of exchange which was used, was attempted, or intended to be used in violation of the gambling laws of the state."[18] The broad nature of this definition would appear to include slot machines, and the decision in the Rains case supports this conclusion.
Statutory forfeiture provisions are intended to serve a remedial rather than a punitive purpose. Further, since forfeiture statutes are intended to apply to those individuals who are significantly involved in criminal enterprises, section 932.703, Florida Statutes, authorizing forfeitures is discretionary and not mandatory.[19]
A forfeiture proceeding constitutes "a civil, in rem action that is independent of any factually related criminal actions."[20]
Accordingly, forfeiture actions do not "trigger the panoply of constitutional safeguards present in criminal actions."[21] The provisions of the Florida Contraband Forfeiture Act would appear to be an alternative approach to property forfeiture from that described in sections 849.36-849.46, Florida Statutes.
The Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes, authorizes a law enforcement agency effecting a forfeiture of seized property to sell or otherwise salvage or transfer the property to any public or nonprofit organization or retain it for use by the law enforcement agency.[22] Because the possession, sale, lending, or giving away of slot machines is prohibited by section 849.15(1), Florida Statutes, it does not appear that utilizing the Contraband Forfeiture Act would be the most effective means of accomplishing the seizure and destruction of these devices.
In sum, it is my opinion that the seizure and destruction of slot machines as defined in section 849.16, Florida Statutes, is best accomplished by the procedures described in Chapter 849, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 849.15(1), Fla. Stat.
[2] See, e.g., Department of Business Regulation, Division ofAlcoholic Beverages and Tobacco v. Rains, 477 So.2d 1029 (Fla. 2d DCA 1985); Op. Att'y Gen. Fla. 94-69 (1994), in which this office determined that a company could not lawfully possess or manufacture slot machines or the component parts for such devices in the State of Florida; and Inf. Op. to Donald Moreland, United States Marshal, dated May 29, 1998, concluding that gambling devices seized and held by the federal government may not be shown in this state to persons who may be interested in bidding on such equipment even though the actual auction is held outside of the state.
[3] Section 849.16(1)(a)-(b), Fla. Stat. And see, Op. Att'y Gen. Fla. 89-5 (1989), discussing slot machines and concluding that a crane game qualifies as such a machine or device.
[4] Section 849.19, Fla. Stat.
[5] Section 849.36(1), Fla. Stat.
[6] Section 849.35(5), Fla. Stat.
[7] Compare, s. 849.231(1), Fla. Stat., which prohibits the manufacture, sale, purchase or possession of certain devices, implements, or paraphernalia "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments." And see, Op. Att'y Gen. Fla. 94-69 (1994), discussing the distinction to be made between slot machines and those other gambling devices which are designed for use in gambling houses or establishments.
[8] Section 849.37(1), Fla. Stat., sets forth the information which must be reported on the return.
[9] Section 849.38(1), Fla. Stat.
[10] Id.
[11] Id.
[12] Sections 849.38(4)-(5), Fla. Stat.
[13] Section 849.40, Fla. Stat.
[14] Section 849.41, Fla. Stat.
[15] Section 849.43, Fla. Stat.
[16] And see, s. 849.43, Fla. Stat., ("The proceedings and the judgment of forfeiture shall be in rem and shall be primarily against the property itself.").
[17] Department of Business Regulation, Division of AlcoholicBeverages and Tobacco v. Rains, 477 So.2d 1029 (Fla. 2d DCA 1985).
[18] Section 932.701(2)(a)2., Fla. Stat.
[19] See, In re Forfeiture of the Following Described Property:1969 Chevrolet Camaro Bearing `75 Massachusetts License Tag#372-766 Vin #124379N511693, 334 So.2d 82 (Fla. 3d DCA 1976),cert. den., 342 So.2d 1103 (Fla. 1976).
[20] See, In re Forfeiture of 1986 Pontiac Firebird, VehicleIdentification Number 1G2FS87H3GN236562, Florida Tag No. HWK 81Y,600 So.2d 1178 (Fla. 2d DCA 1992).
[21] Id. But see, Department of Law Enforcement v. RealProperty, 588 So.2d 957 (Fla. 1991), in which the Florida Supreme Court read into the Florida Contraband Forfeiture Act procedural requirements to be followed to satisfy constitutional due process rights in the seizure and forfeiture of real and personal property under the act.
[22] Section 932.7055(1), Fla. Stat.