Mr. Richard J. Taylor Sarasota City Attorney 1 South School Avenue, Suite 700 Sarasota, Florida 34237
Dear Mr. Taylor:
You ask substantially the following questions:
1. Are gambling devices that were seized by the Sarasota Police Department as slot machines and confiscated pursuant to the Florida Contraband Forfeiture Act subject to disposition under the Contraband Forfeiture Act, or must they be destroyed pursuant to gambling laws of this state?
2. If the gambling devices are subject to disposition pursuant to the Florida Contraband Forfeiture Act, what disposition options are available to the City of Sarasota?
In sum:
1. Gambling devices that were seized by the Sarasota Police Department as slot machines and confiscated pursuant to the Florida Contraband Forfeiture Act may not be sold, traded or transferred by the city but should be destroyed pursuant to the gambling laws of this state.
2. In light of the response to Question One, it is not necessary to respond to Question Two.
According to your letter, the Sarasota Police Department seized 50 gaming machines from a business establishment based on probable cause that the machines were slot machines, the possession of which violated section849.15, Florida Statutes. The machines were confiscated by the police under the provisions of the Florida Contraband Forfeiture Act. The city subsequently initiated proceedings under the Contraband Forfeiture Act and a default judgment was issued by the circuit court transferring title to the gambling devices to the city.
Sections 932.701-932.707, Florida Statutes, the Florida Contraband Forfeiture Act,[1] authorize the seizure and forfeiture of any contraband article, vessel, motor vehicle, aircraft, personal property, or real property used in violation of the act. As used in the Act, the term "[c]ontraband article" means "[a]ny gambling paraphernalia, lottery tickets, money, currency, or other means of exchange which was used, was attempted, or intended to be used in violation of the gambling laws of the state."[2] (e.s.) In Department of Business Regulation, Division ofAlcoholic Beverages and Tobacco v. Rains,[3] the district court held that a slot machine, as defined in section 849.16, Florida Statutes, "is gambling paraphernalia subject to forfeiture under the [Contraband Forfeiture] Act."
Generally, a law enforcement agency effecting a forfeiture of seized property under the Contraband Forfeiture Act may elect to retain the property, or sell, salvage, trade, or transfer it to any public or nonprofit organization.[4] Pursuant to section 849.15, Florida Statutes, however, it is unlawful:
"(1) To manufacture, own, store, keep, possess, sell, rent, lease, let on shares, lend or give away, transport, or expose for sale or lease, or to offer to sell, rent, lease, let on shares, lend or give away, or permit the operation of, or for any person to permit to be placed, maintained, or used or kept in any room, space, or building owned, leased or occupied by the person or under person's management or control, any slot machine or device or any part thereof; or
(2) To make or to permit to be made with any person any agreement with reference to any slot machine or device, pursuant to which the user thereof, as a result of any element of chance or other outcome unpredictable to him or her, may become entitled to receive any money, credit, allowance, or thing of value or additional chance or right to use such machine or device, or to receive any check, slug, token or memorandum entitling the holder to receive any money, credit, allowance or thing of value."
Thus, not only is gambling by use of a slot machine illegal but the possession of these devices themselves, which are by definition designed for gambling, is unlawful. Section 849.15, Florida Statutes, which specifically identifies slot machines, does not require that such devices be used for gambling in order to be illegal but makes their mere possession a violation of the statute.
This office in Attorney General Opinion 94-69 concluded that a company could not lawfully possess or manufacture slot machines or the component parts for such devices in the State of Florida. Similarly, this office in an informal opinion advised that gambling machines held by the federal government may not be shown in this state to persons who may be interested in bidding on such equipment even though the actual auction is held outside of the state.[5]
I am not aware of any exception for municipalities to the above proscription against the ownership or sale of slot machines, nor have you brought any such provisions to this office's attention. Nor am I aware of any provision that would permit a city to transport and conduct sales of such property outside of the state.[6]
Unlike the provisions of section 849.231, Florida Statutes, which recognizes certain exceptions to the prohibitions against the sale or possession of certain gambling devices specified therein,[7] section849.15, Florida Statutes, relating to slot machines recognizes no such exceptions.[8] As the court recognized in Department of BusinessRegulation, Division of Alcoholic Beverages and Tobacco v. Rains, supra,
[C]ertain items listed in section 849.231 could be innocent in nature; therefore, they could not be constitutionally regarded as gambling paraphernalia unless modified by the statutory language "ordinarily or commonly used or designed to be used in the operation of gambling houses or establishments."
A slot machine, as defined by section 849.16, does not have the quality of possible innocence. The legislature has declared that the ownership of a slot machine is illegal and we hold that such a machine is gambling paraphernalia subject to forfeiture under the Act.[9]
In Attorney General Opinion 98-39, this office was asked whether the seizure and destruction of slot machines as defined in section 849.16, Florida Statutes, should be governed by the procedures outlined in sections 849.38-849.45, Florida Statutes, or by the Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes. This office noted that the provisions of the Florida Contraband Forfeiture Act would appear to be an alternative approach to property forfeiture from that described in sections 849.36-849.46, Florida Statutes. However, because the possession, sale, lending, or giving away of slot machines is prohibited by section 849.15(1), Florida Statutes, this office stated that utilization of the Contraband Forfeiture Act did not appear to be the most effective means of accomplishing the seizure and destruction of these devices.
In light of the above, I am of the opinion that gambling devices that were seized by the Sarasota Police Department as slot machines and confiscated pursuant to the Florida Contraband Forfeiture Act may not be sold, traded or transferred by the city but should be destroyed pursuant to the gambling laws of this state.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 932.701(1), Fla. Stat.
[2] Section 932.701(2)(a)2., Fla. Stat. Cf., s. 849.35(5), Fla. Stat. defining "gambling paraphernalia" as "every description of apparatus, implement, machine, device or contrivance used in, or in connection with, any violation of the lottery, gaming and gambling statutes, and laws of this state, except facilities and equipment furnished by a public utility in the regular course of business, and which remain the property of such utility while so furnished."
[3] 477 So.2d 1029 (Fla.2d DCA 1985).
[4] Section 932.7055(1)(a)-(c), Fla. Stat.
[5] See, Inf. Op. to Mr. Donald Moreland, dated May 29, 1998.
[6] See, s. 166.021(3)(a), Fla. Stat., recognizing the home rule powers of municipalities except on the subjects of, among others, extraterritorial power, which require a general or special law pursuant to Art. VIII, s. 2(c), Fla. Const. 
[7] See, s. 849.231, Fla. Stat., which prohibits the manufacture, sale, transport, purchase, ownership or possession of certain gambling devices enumerated therein but recognizes an exception when such apparatus are being held, sold, transported, or manufactured by persons who have registered with the United States Government pursuant to the provisions of Title 15 of the United States Code, sections 1171 et seq., as amended, so long as the described implements or apparatus are not displayed to the general public, sold for use in Florida, or held or manufactured in contravention of the requirements of the federal code.
[8] Cf., s. 849.235, Fla. Stat., stating that it is a defense to any action or prosecution under ss. 849.15-849.233, Fla. Stat., for the possession of any gambling device specified therein that the device is an antique slot machine and that it is not being used for gambling. An antique slot machine is defined for the purpose of the section as one which was manufactured at least 20 years prior to such action or prosecution.
[9] 477 So.2d at 1029.